IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GURJANT SINGH,            )
                                   )
        Petitioner,        )
                                   )
v.                           )        Case No. CIV-26-405-D
                                 )
SCARLET GRANT,       )
et al.,                   )
                                 )
        Respondents.[1]  )

## REPORT AND RECOMMENDATION

Petitioner Guruant Singh, a noncitizen[2], seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Department of Homeland Security (DHS) Secretary Markwayne Mullin is substituted for former Secretary Noem as a party. Todd Blanche is the acting Attorney General and is substituted for former Attorney General Pam Bondi as a party. Respondent Scarlet Grant is not a federal official, and the response is not filed on her behalf. *See* Doc. 13, at 1 n.1

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

1

filed a response, Doc. 13, and Petitioner has replied. Doc, 16. For the reasons set forth below, the undersigned recommends the Court dismiss the Petition without prejudice.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of India who entered the United States in August 2019. Doc. 13, Ex. 1, at 1. The Department of Homeland Security (DHS) placed him in removal proceedings that month and charged him with being an alien present without being admitted or paroled, under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at 2.

In his Petition, Petitioner alleges procedural and substantive due process violations pertaining to his detention require relief. Doc. 1, at 4-6. Respondents have responded and assert the petition is vague and lacks a "clear description of the basis of [Petitioner's] detention. Doc. 13, at 1.

In his reply brief, Petitioner's counsel, who entered his appearance after the filing of the Petition and the withdrawal of other counsel, acknowledges the Petition contains errors and seeks to amend his Petition, or in the alternative, asks this Court to dismiss without prejudice with leave to amend. Doc. 16, at 1-2. He notes clerical and structural errors. *Id.* at 2. The undersigned finds that dismissal without prejudice in this instance is appropriate. In any future petition, Petitioner should explain any statutory and due process errors so that they satisfy Rule 8, provide more background

and "clarif[y] the statutory basis for detention, and plead[] the grounds for habeas relief with the specificity required by this Court." *Id.* at 3.

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss Petitioner's Petition without prejudice to refiling.

The undersigned advises the parties of their rights to file an objection to this Report and Recommendation with the Clerk of this Court on or before May 18, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE