**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GURJANT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-405-D** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# REPORT AND RECOMMENDATION

Petitioner Gurjant Singh, a noncitizen[2], filed an amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 21.[3] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Docs. 3, 22. Respondents have filed a response, Doc. 25, and the time for Petitioner to reply has lapsed. Doc. 23. For the reasons set forth below, the

[1] Respondent Chris Gantt, current Warden of the Cimarron Correctional Facility, is not a federal official, and the response is not filed on his behalf. *See* Doc. 25, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

undersigned recommends the Court grant the amended petition in part.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of India who entered the United States in August 2019. Doc. 21, at 6; *see* Doc. 13, Ex. 1, at 1. The Department of Homeland Security (DHS) placed him in removal proceedings that month, released him on a $20,000 bond, and charged him with being an alien present in the United States without being admitted or paroled, under 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 21, at 7; Doc. 13, Ex. 1, at 2. He applied for asylum, which the Immigration Court denied on May 15, 2025. Doc. 21, at 7. Petitioner's appeal of that decision remains pending. *Id.*

On January 29, 2026, Immigration and Customs Enforcement (ICE) took Petitioner into custody. *Id.* at 5. Petitioner states he has complied with all terms and conditions of his release. *Id.* at 7.

In his Petition, Petitioner alleges a violation of the Immigration and Nationality Act; a violation of his procedural due process rights because he has not received a custody redetermination hearing; and a violation of the Administrative Procedure Act. Doc. 21, at 8-13.

He seeks (1) an order that he shall not be transferred outside this District while this habeas petition is pending; (2) an order for Respondents to show cause why the Court should not grant the petition within three days; (3) an order of immediate release, or, alternatively, directing Respondents to provide

Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days, at which the Government shall bear the burden of proving by clear and convincing evidence that continued detention is necessary because Petitioner presents a flight risk or danger to the community; (4) injunctive relief necessary to preserve jurisdiction and prevent irreparable harm, including an order barring transfer; (5) a declaration that Petitioner's detention is unlawful; (6) an order holding unlawful and to set aside, as applied to Petitioner, Respondents' determination that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A); and (7) an award of Petitioner's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law. *Id.* at 13-14.

**II. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts ICE is unlawfully detaining him and refuses to provide a custody redetermination hearing. Doc. 21, at 8. Respondents contend they are properly detaining Petitioner under § 1225(b)(2)(A) and he is not entitled to a bond hearing. Doc. 25, at 1 n.2. But they concede that the matter is "controlled by" the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *Id*. at 1.

Respondents released Petitioner into the country on parole and permitted him to reside in the interior of the country for nearly seven years before ICE detained him in January 2026. Doc. 21, at 7-8. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention. Doc. 21; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3

(W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a)."). At the bond hearing, the Government should bear the burden of justifying Petitioner's detention by clear and convincing evidence.

**C. The Court should decline to address Petitioner's remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the

Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's amended habeas petition in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** At the bond hearing, the Government should bear the burden of justifying Petitioner's detention by clear and convincing evidence. The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection[4] to

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the

this Report and Recommendation with the Clerk of this Court by September 4, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").