**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GURJANT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-405-D |
| | ) | |
| SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Gurjant Singh filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 21]. Petitioner is a citizen of India who entered the United States in August 2019. *Id.* at p. 5-6. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement ("ICE") on January 29, 2026, and his removal proceedings are ongoing. *Id.* at p. 5. He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.*

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 25]. Petitioner challenges his re-detention by ICE on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226, at which the government should bear the burden of proof. [Doc. No. 1]. Respondents filed a response in opposition [Doc. No. 25].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. Nos. 3, 22].

Judge Mitchell issued a Report and Recommendation ("Report"), recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a), at which the government bears the burden of justifying Petitioner's detention by clear and convincing evidence. [Doc. No. 26]. Judge Mitchell also recommended that the Court decline to address the issue of whether ICE violated Petitioner's Fifth Amendment right to due process or violated the Administrative Procedures Act ("APA") when he was re-detained by ICE. *Id.*

Respondents filed a timely Objection to the Report, asserting that Petitioner is properly detained under 8 U.S.C. § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. [Doc. No. 27]. Additionally, Respondents objected to Judge Mitchell's conclusion that Respondents should bear the burden of justifying Petitioner's detention by clear and convincing evidence. *Id.* Petitioner objected in part, arguing that the Court should order his release because his arrest violated his right to due process and 8 U.S.C § 1226(a), and violated the APA. [Doc. No. 28].

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Mitchell's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Mitchell's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See*

*Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). However, the Court agrees with Respondents and declines to place the burden on the government to justify Petitioner's detention pending removal proceedings, at this time. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to the evidentiary framework."); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 26] is **ADOPTED IN PART**, and the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 21] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

---

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS SO ORDERED** this 28th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE